Final case on the calendar is Vaughn v. Phoenix House Good morning, your honors. May it please the court, my name is Marie Howick and I represent the appellee's defendants in this action. There are many reasons for why the lower court's decision should be affirmed in this case. First, plaintiff has failed to allege that Phoenix House violated his rights, in part because plaintiff's participation in Phoenix House's drug rehabilitation program was voluntary. How does that help you under the FLSA where you cannot waive your rights under the FLSA? There are plenty of cases that say that you cannot waive Fair Labor Standards Act wages under the FLSA. There may be other reasons, but the fact of voluntariness, leave aside whether it was voluntary or not, but I think probably it was, ultimately, but how does that help you with the FLSA? Sure, it helps because it goes to the definition of what is an employer and an employee, and it's very clear under the FLSA that... And this person was not an employee at the FLSA at the 12B6 level? He was like a graduate student? Correct, and I think the Doyle case that we cite in our brief really gets to that point because when you're participating in a drug rehabilitation program, you're paying for that service. Everyone who comes to Phoenix House is paying to receive treatment at Phoenix House, so the idea that Phoenix House would then have to pay you back really doesn't make any sense. It doesn't have to pay you back for things, but how is working for the Phoenix House part of the treatment of the sort that makes this not employment? Sure, so a work element of a therapy program is widely established as an integral and important part of a therapy program. If you'd like cites to that, I'm happy to provide them now or in a letter brief later. It is claimed that not everybody who is at Phoenix House works. I don't think that that is an allegation, and in fact... This is a pro se, and he does say that, and I don't have anything that shows at a 12B6 level that everybody who is at Phoenix House works. I'm trying to think through the complaint, and I think that... I don't think he claims that no one has to work. I think what he claims is that as soon as he arrived, he was informed that... He doesn't say that no one has to work. Or that not everyone. In the complaint suggests that some people don't work. Okay. I think that as soon as he arrived, the plaintiff admits that he was informed that the work element was part of the therapy program. As I read the complaint... He's told that it's part of his program, but I don't see that he says that this is part... It may be. Right. It is, but it's part of the program for everyone. We don't have that at a 12B6 level. The strongest case for you is really Judge Winter's opinion about people in jail, and there are sufficient differences between that case and this, including his... Whether these people are part of the economy so that I'm not... I don't think that he's part of the economy in this. So if you look at what plaintiff alleged, the type of work that he did, first of all, there's no indication that he participated in regular commerce, right? The things that he did were part of the maintenance of Phoenix House itself. How does that help his treatment? How does it help his treatment? So a key part of drug rehabilitation therapy is vocational therapy because it helps you take care of yourself, right? I mean, it helps you prepare to be a responsible part of society and support yourself. So can I point you to maybe one statute really quickly that says that? This is 14 NYCRR 819.8B. Clinical services. Intensive residential services are required to provide a minimum of 40 hours per week within a structured therapeutic environment consisting of the services identified in Section 819.4. Each service shall ensure that a comprehensive and appropriate range of rehabilitative services are available to each resident. Such services include, A, vocational services such as vocational assessment, job skills training, and employment of drug treatment rehabilitation. What was the site of that regulation? 14 NYCRR 819.8B. Another site, 14 NYCRR Part 25.3, discusses pre-vocational training, which is much of what Planoff describes in his complaint. Pre-vocational training is the process of vocational training in work. I don't say that it isn't possible that some kind of work in a house like Phoenix House is an important part of training of drug rehabilitation. I am troubled by the idea that people can be sent to some place like this and made to work in ways that may have nothing to do with their training. Maybe that in this case it did, but it is simply okay to have people go and do that when the Fair Labor Standards Act says that they can't even agree to it and that it is something that may be subject to abuse. We're at 12B.6. We're not even at summary judgment with a pro se, so we don't really know what it is that this guy was asked to do. If the things that they were asked to do have really nothing to do with drug rehabilitation, I don't see how we can just simply say, oh, this is okay, and a thing like Phoenix House can do anything it wants. Okay, so I have three things to say about that. First, there's no indication that anything he did was part of the regular market. It was part of the regular market. He wasn't producing anything that was sold in commerce. He was at the front desk sitting next to a staff member relaying information. He was taking out the garbage, things like that. Second- Hire people to do those things if you don't have somebody to do them for you. Right, but one point to the point about how someone was sitting next to him, right? They are training people. The people that they have hired are training the patients on how to support themselves, and that statute I just cited- Are they training everybody or- Yes. No, they're training everyone. That's a key part of the therapy. The claim he makes is that not everybody is made to do his work, and is that based on a judgment about what is useful for their rehabilitation, or just if people come in on their own, we don't make them work, or some of them? So certainly Phoenix House is taking into account different types of things that people need, of course. That's part of a therapy program, but additionally, vocational training is a key part of Phoenix House's program for everyone. Just to finish out that statute- But it wouldn't necessarily have to be the same training for each person. No. No, of course, and you progress. What you're saying is, as the person is working, the person is being supervised by somebody at Phoenix House who's observing what's going on, and assisting that person with developing their work habits. Exactly. That's what they're teaching them how to do. And that might very well be a defense in summary judgment, but does that mean that it is a defense in 12b-6, unless we know that that is what is going on here, that this fellow was evaluated, and it was good for him to do this, while for somebody else to do something else. Now, at summary judgment, that may be just fine. I think it's even the case in 12b-6, because if you look at the economic reality test, right, if you look at the totality of the circumstances, Mr. Vaughn entered Phoenix House for his own benefit, not to receive compensation, and he didn't do anything to contribute to commerce, and there's no indication that Phoenix House considered him an employee or that he considered himself an employee. And so there's just no part of the standard here that's met. And I do think that part of that goes back to the voluntary nature of his participation, and to that end, I think there is a statute that's very instructive, which is New York Rules and Regulation, Title 14, so it's Title 14, CRRNY, Part 815.4G. Participation in a chemical-dependent service is voluntary, and no provider shall force or coerce any person to enter or remain. A patient's failure to complete treatment required by judicial mandate may have legal consequences to the patient under the terms of such mandate, but nevertheless, treatment remains voluntary. I think that makes it pretty clear. I don't disagree that this was voluntary. It was voluntary because he had been convicted. If he had not been convicted, then saying you go to jail or agree to something like this violates the 13th Amendment. There are cases of that. But since he was convicted, it doesn't. So it is voluntary, but voluntary isn't enough to get you out of the Fair Labor Standards Act. That's why the due process, that's why the 13th Amendment, 1983, failed. But the Fair Labor Standards doesn't allow you to get out of it on being voluntary. So the question for the Fair Labor Standards Act is, was this employment? And that may well be that it was not, but I have some problems with that at 12b-6. Understood. Was there any expectation on his part that there would be any compensation? No. And the fact that there is no compensation or expectation of compensation, how does that weigh in the analysis as you see it? So under Doyle and under the economics reality test, monetary compensation played no role in his decision to join the program, and that weighs against... What if he didn't expect compensation, but he winds up doing things that he didn't think he would be doing and for which he thinks he should be paid? Right, but then we're getting pretty far afield with the issue here, which is that he entered a drug rehabilitation program. He's not going to a spa, right? You do have to work hard if you're trying to rehabilitate yourself from addiction. That is a hard thing to overcome, and that's why Phoenix House has rules and regulations that patients must follow. That's an important part of their therapy program. If people can't follow the rules, there's no hope that they're going to succeed. But Phoenix House can't wave a magic wand and heal people. People have to do things they don't want to do. Sometimes they're uncomfortable, but that doesn't change the fact that it's rehabilitation for addiction. They're offering a service to its patients, a service that they have to pay for. On the statute of limitations issue in the FLSA, with respect to a subsequent stay, that falls within the statute of limitations, right? Can you repeat that, the last part? Well, there's a 2-year bar, right? Yes. Under the FLSA. Right. The statute of limitations. And he spent some time during a subsequent stay, right, that falls within the 2-year statute of limitations, right? Yes, I believe so. Okay. I just wanted to be clear. Are you familiar with a Ninth Circuit case, Williams against Strickland, that concluded that an individual who was staying at a rehabilitation center was not an employee? We don't have such a case in our circuit, right? But that may be relevant. It's another circuit. I'm not suggesting that you need to present us with every circuit in the country, but I just wondered if you knew anything about that. Because my question there would be, at what stage of the litigation did the court make that holding? Was it summary judgment or was it 12B-6? But we can find that out. I am not familiar with that case. I apologize. Okay. Thank you. Just to add one more thing, I wanted to raise for this court that I think it sounds like everyone's in agreement about the Section 1983 claims, which is great. I would like to point out that although the case law is largely on the floor, Yeah, I guess that's true. The case law is largely on our side on that in respect to whether or not Phoenix House is a state actor. There are, though, two cases in the Southern District that indicate that it's possible that a private rehabilitation organization is acting under color of state law when it treats court-mandated patients. Because of that, this is an open issue in the circuit, and it would be very helpful to Phoenix House if there was a decision from the Second Circuit clarifying that under the facts alleged here, Phoenix House is not a state actor. To that end, there's one more part of the statute that I think is very instructive. Yes, but if we don't need to reach that question because 1983 does not apply anyway, anything we say would be dicta, and apart from whether we should make dicta, I don't know how helpful dicta actually is. I take it you would take dicta. I hear that point, but I would absolutely take dicta on this, because it diverts valuable resources from a nonprofit organization. And just one final point I'll leave you with, back to Part 815, the statute I cited earlier, 815.40 says that a drug rehabilitation center can only provide reports or information to the criminal justice system if the plaintiff or the patient first gives consent. And not only does the patient have to give consent, but even still, the rehabilitation center is limited to only providing clinical and therapeutic information. It specifically says that a drug rehab center is barred from providing any information involving any recommendation or suggestion of any legal action or consequence, such as court intervention, remand, custody violation, or incarceration. So any power that Phoenix has to report on a patient's progress must be given by the patient himself. In this case, the plaintiff attached his consent form as Exhibit E2 to his brief. Additionally, it's clear that Phoenix House has no authority to even suggest to a court what type of action it should take. Let me just say one thing. I'm not saying anything about Phoenix House behaving badly and not actually doing this. I am concerned about any statement of law that suggests that someone who puts themselves out to be a rehabilitation center then may cause people to work when they don't have everybody working. And have that be so clear a matter of law that you don't even need to look at whether this place is really behaving that way or doing something else. Phoenix House is one thing, but there may be Meenix House or Penix House or something else, and if we make a statement of law that at 12B6 people are not employees, we're saying something that is very broad. Understood. I will just say that the idea that someone who is coming to a drug rehabilitation facility for treatment to overcome drug addiction is an employee of the facility that it is paying to help treat it, especially given when you look at the different statutes and the federal papers and everything that indicates that vocational therapy is an integral part of drug treatment for everyone, the idea that under the FLSA that those people would be employees, I think as the Doyle case says, it doesn't make any sense. It seems like something that is so far out there that the FLSA didn't even anticipate that that would be an issue because it doesn't make sense. If there's a showing, and of course you've got a pro se plaintiff here, but if there's a showing of bad faith on the part of a real, nothing to do with Penix House, some other place that is explaining people and they're working and somehow there's money being made and it's being pocketed by the agency and it's not being used necessarily for, rehabilitation is secondary. If that kind of a situation were to occur, then I think we'd have a different case. I think you're right. And the question is, is that something we can say at 12B6 or is it something where you have to look to what the actual agency is actually doing and what is going on and have it be an issue for summary judgment? I think you can say it at 12B6 because it just simply does not satisfy the economics reality test. And just back to Penix House, the plaintiff actually complained to the Department of Labor and it says in his complaint that the Department of Labor wrote back and basically said, you know, we don't have authority over this. This is not an issue for us to decide. Thank you. Thank you. Thank you for your argument. The court will reserve decision. That's the final case on the calendar. The clerk will adjourn court. Thank you. Court is adjourned.